# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT M. DURHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-832-DRH |
| | ) |
| ROLAND J. TEMPAS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Plaintiff, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI-Fort Dix"), brings this action asserting tort claims of conversion and negligence related to the criminal forfeiture of certain Individual Retirement Accounts ("IRA's") held by Edward D. Jones & Company ("Jones"), a financial institution. In this action, Plaintiff seeks return of the forfeited IRA's and damages. This case is now before the Court *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

**A. PROCEDURAL BACKGROUND.**

The instant action was initially filed in the United States District Court for the District of New Jersey. *See Durham v. Tempas*, No. 07-2057(JBS) (D.N.J.). The Honorable Jerome B. Simandle, United States District Judge, granted Plaintiff's motion to proceed *in forma pauperis*[1] and reviewed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As a result of his review, Judge Simandle concluded that the action should be transferred to this Court because this is where

---

[1] Judge Simandle, however, did not assess an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1).

the criminal forfeiture - which Plaintiff contests - occurred. Accordingly, Judge Simandle ordered the case transferred to this Court.

In his written Opinion, however, Judge Simandle also discussed and analyzed Plaintiff's claims. With regard to Plaintiff's tort claims against Defendants "Roland J. Tempas"[2] and the United States Department of Justice (DOJ), Judge Simandle assumed that the claims were brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.* Citing 28 U.S.C. § 2680(c)(1), Judge Simandle expressed his belief that the FTCA does not waive sovereign immunity for claims stemming from detention of property seized for purposes of forfeiture if the forfeiture was imposed as a result of a conviction of a criminal offense. Consequently, Judge Simandle further stated that "it would appear that the FTCA provides no basis for damages against the Government defendants, but the Court does not decide the issue."

In his Opinion Judge Simandle also stated that "[t]ransfer to the Southern District of Illinois is also warranted if this action is construed as Rule 41(g) proceeding." With respect to a proceeding commenced pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, Judge Simandle wrote:

> Plaintiff may properly proceed against the United States and the DOJ under Rule 41(g) for the return of his property, albeit in the district court where the property was seized, which is the Southern District of Illinois . . . .
>
> Because it is not apparent from the pleading that the seized funds are

---

[2]Defendant states that Defendant "Tempas" is the United States Attorney for the Southern District of Illinois. Because there was no United States Attorney for this district named "Tempas," this Court assumes Plaintiff actually means Ronald J. Tenpas who was the United States Attorney for the Southern District of Illinois during the time Plaintiff's criminal case was pending before this Court. For the sake of consistency, this Court will continue to refer to Ronald J. Tenpas as Defendant "Tempas."

2

> not actually available for return, this Court is constrained to transfer
> this matter to the Southern District of Illinois where the forfeiture
> occurred . . . .

Thus, it appears that Judge Simandle believed that a Rule 41(g) action could proceed against the DOJ (and the United States) in this Court.

Finally, with respect to Plaintiff's claims against Defendant Jones, Judge Simandle noted that Plaintiff asserted the following two negligence claims against Jones: (1) that Jones failed to adequately investigate the Government's claims that the funds were subject to forfeiture and (2) that Jones failed to adequately protect Plaintiff's rights as owner of the IRA funds. With respect to Plaintiff's tort claims against Jones, Judge Simandle concluded: "there does not appear to be any jurisdictional defect on the face of the Complaint with respect to [Jones], and because the alleged claims are not subject to dismissal at this time . . . this claim against [Jones] likewise will be transferred to the Southern District of Illinois."

**B. DISCUSSION.**

The Court notes that although Judge Simandle conducted a preliminary review of the complaint, this Court may still review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid). Upon review of the complaint, this Court agrees with Judge Simandle that Plaintiff's tort claims against Defendants Tempas and the DOJ - as well as Plaintiff's FTCA claims against the United States - should be dismissed, but not for the reasons suggested by Judge Simandle.[3]

---

[3]Judge Simandle's statement that the FTCA claim is barred by 28 U.S.C. § 2680(c)(1) appears to conflict with the Seventh Circuit's decision in *Orlofff v. United States*, 335 F.3d 652 (7th Cir. 2003). *Orloff* holds that 28 U.S.C. § 2680(c) applies only to law enforcement officers

3

This Court also finds that Judge Simandle's conclusion that Plaintiff may properly bring this action under Rule 41(g) of the Federal Rules of Criminal Procedure is wrong as a matter of law. Additionally, contrary to Judge Simandle's Opinion, this Court finds Plaintiff's claims against Defendant Jones are without merit and should be dismissed.

The difference of opinion with Judge Simandle is due, in part, to the fact that Judge Simandle was mislead about the facts concerning the forfeiture of the IRA's in question. Specifically, Judge Simandle accepted Plaintiff's assertion that the IRA's were not properly subject to forfeiture. Having access to the entire record in Plaintiff's underlying criminal case, however, this Court is not compelled to accept Plaintiff's allegations as true when they differ from the facts established in the underlying criminal forfeiture action. *See, Freshman v. Atkins*, 269 U.S. 121, 124 (1925) (court may take judicial notice of, and give effect to, its own records in another, but interrelated proceeding). As discussed below, some factual allegations in the complaint are contrary to the facts established on the record in Plaintiff's criminal case.

Finally, this Court agrees with Judge Simandle that the instant complaint asserts no violation of Plaintiff's constitutional rights and that Plaintiff cannot proceed under 28 U.S.C. § 2465(a).

**1. The prior criminal forfeiture action.**

A review of this Court's records establishes that Plaintiff pleaded guilty to conspiring to manufacture and distribute methamphetamine; manufacturing methamphetamine; and possessing firearms during a drug trafficking crime. *See United States v. Dunham*, No. 4:02-CR-40053-JPG

---

performing functions related to customs and excise duties. *Orloff*, 335 F.3d at 659. If § 2680(c) applies only to law enforcement officers performing customs and excise duties, then § 2680(c)(1) would appear to bar only actions challenging criminal forfeitures imposed for violating customs and excise duty laws.

(S.D. Il.). The plea agreement, which Plaintiff signed, states that:

> Defendant agrees to forfeit to the United States . . . property used or intended to be used to facilitate the commission of the offense . . . as well as any and all property constituting proceeds from said offense.
> . . .
>
> **Defendant agrees that the United States is not limited to forfeiture of the property described above.** If the United States determines that property of the Defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then **the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the Defendant up to the value of any property described above.**

*Id*. (Doc. 323) (emphasis added).

On November 5, 2004, the Honorable J. Phil Gilbert, United States District Judge, sentenced Plaintiff to prison for a total term of 228 months. *Id*. (Docs. 377 and 385). Additionally, Judge Gilbert entered a preliminary order for forfeiture against Plaintiff. *Id*. (Doc. 383). That order directed the forfeiture of:

> All funds or other items of value deposited with or in the custody of Edward D. Jones & Co., d/b/a Edward Jones, Union Planters Bank, and AIG SunAmerica, Inc., d/b/a Anchor National Life Insurance Company on behalf of, owned by, for the benefit of, or accessible to Robert Mark Durham, including but not limited to any funds in Account Nos. 178-94710-1-5 and 178-91091-1-1 of Edward D. Jones & Co. , d/b/a/ Edward Jones, and Account No. 3043303994 of Union Planters Bank, and Account No. P3799206460 of AIG SunAmerica, Inc. D/b/a Anchor National Life Insurance Company, and any and all interest, dividends, earnings, or profits accruing on any of said funds or items of value.

In the forfeiture order, Judge Gilbert noted that a total of $500,000.00 was received in exchange for the conspiracy to distribute methamphetamine. *Id*. A monetary forfeiture judgment in that amount

was entered in the Government's favor and against Plaintiff. *Id*. Judge Gilbert further found:

> that the $500,000.00 in proceeds, due to the acts and omissions of the defendants in this cause, cannot be located upon the exercise of due diligence; have been transferred or deposited with a third party; have been placed beyond the jurisdiction of this Court; have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty.

*Id*. Therefore, Judge Gilbert ordered the above-described accounts forfeited as "substitute property" as provided in 21 U.S.C. § 835(p)(2). *Id*.

Plaintiff filed a direct appeal challenging both his sentence and the forfeiture. *Id.* Both the sentence and the forfeiture were affirmed by the Seventh Circuit Court of Appeals. *See United States v. Durham,* No. 04-3926, 2005 WL 2476343 (7th Cir. Oct. 7, 2005).

**2. Plaintiff's conversion claims**.

Plaintiff's first count is a conversion claim against Defendants Tempas, DOJ, and Jones. The elements of a conversion claim requires Plaintiff to establish, among other things, that the Defendants wrongfully and without authorization assumed control, dominion, or ownership over the property. *See New Light Cemetery Ass'n v. Baumhardt*, 869 N.E.2d 939, 944 (Ill. App. 1st Dist. 2007) (listing elements of the tort of conversion). In this case, Plaintiff asserts that the forfeiture of the IRA's was not authorized because the funds in the IRA's were not proceeds from the offense. However, whether the funds comprising the forfeited IRA's were proceeds from the conspiracy or came from some other source is irrelevant.

As noted above, both the forfeiture statute and the plea agreement specifically authorized the forfeiture of "substitute property." Judge Gilbert's forfeiture order found that the conditions under which a forfeiture of "substitute property" can be made under § 853(p) were met. Judge Gilbert further ordered the forfeiture of "all funds . . . deposited with or in the custody of Edward D. Jones

6

& Company" to the United States as "substitute property" as authorized under 21 U.S.C. § 853(p). This language is broad enough to encompass any IRA's Defendant Jones was holding for Plaintiff. Plaintiff cannot use the instant action to attack the validity or scope of Judge Gilbert's forfeiture order. Because the forfeiture of the IRA's was authorized by statute, by the plea agreement, and by Judge Gilbert's forfeiture order, Plaintiff's conversion claims must be dismissed.

Plaintiff's conversion claims against Defendants Tempas and the DOJ should also be dismissed for the following additional reasons. First, it is well-settled that Defendant Tempas, as a United States Attorney, enjoys prosecutorial immunity from common law tort actions arising from the prosecution of criminal cases. *See Yaselli v. Goff*, 12 F.2d 396, 404 (2d Cir. 1926), *aff'd*, 275 U.S. 503 (per curiam); *Imbler v. Pachtman*, 424 U.S. 409, 422-31 (1976) (extending common-law prosecutorial immunity to suits for damages under 42 U.S.C. § 1983). Even if the United States was substituted as the defendant in this action in lieu of Defendant Tempas under the FTCA, *see* 28 U.S.C. § 2679(d)(1), the United States is still able to assert any defense or privilege - including prosecutorial immunity - that Defendant Tempas may have raised or asserted. *See* 28 U.S.C. § 2674. Thus, Plaintiff's conversion claim against Defendant Tempas (or the United States under the FTCA) must be dismissed.

Second, absent a waiver, sovereign immunity shields the Federal Government and its agencies, such as the DOJ, from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Loeffler v. Frank*, 486 U.S. 549, 554 (1988). The FTCA does not waive sovereign immunity for the common law tort claims asserted by Plaintiff against the DOJ in the complaint. *See* 28 U.S.C. § 2679(a). Therefore Plaintiff's conversion claim against the DOJ must be dismissed.

**3. Plaintiff's negligence claims.**

Plaintiff's second count is a negligence claim against Defendants Tempas and the DOJ. As with Plaintiff's conversion claims, Plaintiff's negligence claims against Defendants Tempas and the DOJ are barred by prosecutorial immunity or by sovereign immunity. Re-casting Plaintiff's claim against Defendant Tempas as a claim against the United States under the FTCA does not change the result. The United States is still able to invoke prosecutorial immunity to defeat Plaintiff's negligence claim. *See* 28 U.S.C. § 2674. Therefore, Plaintiff's negligence claims against Defendants Tempas and the DOJ must be dismissed.

Plaintiff's third count is a negligence claim solely against Defendant Jones. Specifically, Plaintiff alleges that Defendant Jones "failed to adequately investigate the Government's claims [of forfeiture] . . . [or] protect . . . Plaintiff's rights as owner" of the IRA's.[4]

The elements of a negligence claim are: (1) a duty owned by the defendant to the plaintiff; (2) breach of that duty; and (3) damages proximately caused by that breach. *See Ward v. Kmart Corp.*, 554 N.E2d 223, 226 (Ill. 1990). Whether a duty exists in a particular case is a question of law to be determined by the Court. *Id*. A duty exists when the defendant and plaintiff stand in such relationship to one another that the law imposes upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff. *Id*.

An IRA has been described as a "special deposit" created by an express agreement or other

---

[4]It is unclear from the complaint whether the ERISA-prong of Plaintiff's negligence claim against Defendants Tempas and the DOJ is also being asserted against Defendant Jones. Even if it were being asserted against Defendant Jones, Plaintiff was previously informed by the Seventh Circuit, that the IRA's are not protected by ERISA's antialienation provision. *See United States v. Durham*, No. 04-3926, 2005 WL 2476343 at *3 (7th Cir. Oct. 5, 2005) *(citing United States v. Infelise*, 159 F.3d 300, 304 (7th Cir. 1998); and *Riordan v. Commonwealth Edison Co.,* 128 F.3d 549, 552 (7th Cir. 1997)). Consequently, the ERISA-prong of Plaintiff's negligence claim should be dismissed.

circumstances that impliedly create a trust between the depositor and the depository institution. *Masi v. Ford City Bank and Trust Co.,* 779 F.2d 397, 400 (7th Cir.1985); *First Nat. Bank of Blue Island v. Philp's Estate*, 436 N.E.2d 15, 16-17 (Ill. App. 3d, 1982). Under Illinois law, depositing money into an IRA creates a bailment. *Masi*, 779 N.E.2d at 400; *First Nat. Bank of Blue Island*, 436 N.E.2d at 16-17. This Court, however, has found no law holding that when a bailee (or custodian) of an IRA account is presented with a valid forfeiture order issued by a federal district court judge in a criminal case, the bailee has either a duty to investigate the Government's claims concerning the forfeitability of the assets described in said forfeiture order; or a duty to protect Plaintiff's ownership of the property described in the forfeiture order.

Given the extremely narrow circumstances under which a third-party may participate in a federal criminal forfeiture proceeding, *see* 21 U.S.C. § 853, this is not surprising. Specifically, a third-party is barred from intervening in Plaintiff's criminal trial, 21 U.S.C. § 853(k)(1), or from commencing a separate action in law or equity against the United States concerning the validity of its interest (if any) in the IRA's, 21 U.S.C. § 853(k)(2). A third-party asserting a legal interest in the property ordered forfeited may, however, file a petition with the court to adjudicate the validity of its alleged interest in the property pursuant to 21 U.S.C. § 853(n). Of course, the gravamen of Plaintiff's complaint is not that Defendant Jones should have petitioned Judge Gilbert to assert *Jones's* rights to the IRA's. Rather, Plaintiff appears to contend that Defendant Jones should have somehow intervened to assert *Plaintiff's* rights in the IRA's - something Defendant Jones is not permitted to do under the forfeiture statutes.[5] Because, under federal forfeiture law, Defendant Jones

---

[5]Of course, Plaintiff, by and through his appointed counsel, was directly involved with the criminal case - including the forfeiture proceeding. Even Plaintiff, though, was unable to prevent Judge Gilbert from issuing the forfeiture order or from having the forfeiture order

9

could not legally prevent or delay the forfeiture of the IRA's - either procedurally or on the merits[6] - and because this Court can find no law holding that Defendant Jones owed Plaintiff the specific duties alleged in the complaint, this Court finds that the complaint fails to state a negligence claim against Defendant Jones.

### 4. Rule 41(g) of the Federal Rules of Criminal Procedure.

Contrary to Judge Simandle's opinion, Federal Rule of Criminal Procedure 41(g) is not a proper basis to seek the return of property forfeited in the course of Plaintiff's criminal proceeding. *See Young v. United States,* 489 F.3d 313, 315 (7th Cir. 2007) (a criminal forfeiture is part of defendants sentence and must be challenged on direct appeal or not at all; Rule 41(g) inapplicable when the forfeiture occurs in the course of the criminal proceedings); *United States v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004) (same). Therefore, the instant action cannot be maintained under Rule 41(g).

In summary, Plaintiff's complaint does not survive review under 28 U.S.C. § 1915(e)(2). Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g). Additionally, Plaintiff's motion for appointment of counsel is **DENIED** as moot.

---

reversed on direct appeal.

[6]Again, the IRA's in question were forfeited as "substitute property" under 21 U.S.C. § 853(p). The IRA's were subject to forfeiture *regardless* of where the funds in the IRA came from - so long as they were property of the defendant. In this case, an investigation concerning the source of the funds in the IRA's would not have provided a legitimate factual or legal basis for challenging the forfeiture of the IRA's.

**IT IS SO ORDERED.**

Dated this 6th day of December, 2007.

/s/      DavidRHerndon  
Chief Judge  
United States District Court