# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT M. DURHAM,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    **CIVIL NO. 07-832-DRH** |
| | ) |
| **ROLAND J. TEMPAS,** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    This matter is before the Court on Plaintiff's motion for recusal pursuant to 28 U.S.C. § 455(a) (Doc. 12). In this motion, Plaintiff requests that the undersigned "recuse himself from further proceedings in this case." This motion was filed more than thirty days after Judgment was entered against Plaintiff, and nearly two weeks after Plaintiff filed his notice of appeal in this case.

    There are currently no matters pending before this Court for the undersigned to preside over because the case is now pending before the Seventh Circuit Court of Appeals . Consequently, there are no "further proceedings" from which the undersigned can recuse himself. Furthermore, as a matter of law, the mere fact that the undersigned ruled against Plaintiff is not sufficient grounds for recusal. *Matter of Huntington Commons Associates*, 21 F.3d 157, 158 (7th Cir. 1994). Indeed, the undersigned harbors no personal bias or prejudice against Plaintiff. Nevertheless, if Plaintiff should prevail on appeal, then the Seventh Circuit Court of Appeals may direct that this case be reassigned to another judge on this Court, as provided in Circuit Rule 36, if it feels Plaintiff is prejudiced by the undersigned continuing to preside over this matter on remand. Until the case is remanded back

to this Court, though, there is no need to address the merits of the instant motion. Therefore, Plaintiff's motion for recusal (Doc. 12) is **DENIED** without prejudice as moot and a matter for which the Court does not currently have jurisdiction upon which to rule.

**IT IS SO ORDERED.**

**DATED:** January 23, 2008.


/s/   DavidRHerndon
DISTRICT JUDGE